UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
URSULA MAYES, EVA PEPAJ, JAIME
EDMONDSON, JAIME MIDDLETON, JENNIFER
ARCHULETTA, RACHEL KOREN, TIFFANY TOTH,
and VIDA GUERRA,

                                Plaintiffs,

    -against-

SUMMIT ENTERTAINMENT CORP. d/b/a
GENTLEMEN'S QUARTERS and PHILLIP
TRICOLLA,

    Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**16-CV-6533 (NGG) (ST)**

NICHOLAS G. GARAUFIS, United States District Judge.

On November 23, 2016, Plaintiffs Ursula Mayes, Eva Pepaj, Jaime Edmondson, Jaime Middleton, Jennifer Archuletta, Rachel Koren, Tiffany Toth, and Vida Guerra initiated this lawsuit. (Compl. (Dkt. 1).) Plaintiffs are professional models who state that they earn their livelihood selling their images to companies, magazines, and individuals for advertising purposes. (Id. ¶¶ 9-16, 19.) Defendants Summit Entertainment Corp. ("Summit") and Phillip Tricolla allegedly own and operate Gentlemen's Quarters, a strip club in Baldwin, New York. (Id. ¶¶ 17-18.) Although the initial complaint filed by Plaintiffs contained eight alleged causes of action (see id. ¶¶ 71-136), Plaintiffs filed an amended complaint on March 1, 2017, limiting their claims to just two causes of action: false endorsement under § 43 of the Lanham Act, 15 U.S.C. § 1125; and deceptive trade practices under New York's Deceptive Trade Practices Act, N.Y. Gen. Bus. Law ("NYGBL") § 349. (Am. Compl. (Dkt. 10) ¶¶ 87-103.)

Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Not. of Mot. to Dismiss the Compl. (Dkt. 13)), and Plaintiffs opposed the motion (Pl.

1

Opp'n to Mot. ("Pls. Br.") (Dkt. 13-2)). By Order dated April 27, 2017, the court referred Defendants' motion to dismiss (the "Motion") to Magistrate Judge Steven L. Tiscione for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Apr. 27, 2017, Order.)

On January 18, 2018, Judge Tiscione issued an R&R recommending that the court grant the Motion in part and deny it in part. (R&R (Dkt. 15) at 1.) The R&R recommended that the court dismiss Plaintiffs' prayer for punitive damages under the Lanham Act as punitive damages are unavailable under that law, and that the court dismiss the Section 349 claims brought by plaintiffs Guerra, Koren, and Toth as time-barred. (Id.) Otherwise, the R&R recommended that the court deny the Motion: The R&R concluded that all plaintiffs had stated a claim of false endorsement under the Lanham Act (id. at 5-13) and that the plaintiffs whose claims were not time-barred had stated a claim of deceptive practices under NYGBL Section 349 (id. at 13-29). Crucially, the R&R found that the complaint's allegation of consumer confusion was sufficient to state a claim under Section 349, endorsing the "minority" view on this question. (See id. at 21.) The R&R also recommended the denial of the motion to dismiss the punitive damages request under Section 349 and the denial of the motion to dismiss the Lanham Act claim against defendant Tricolla in his individual capacity. (Id. at 30-32.)

Defendants subsequently filed an objection to the R&R. (Defs. Obj. to R&R ("Defs. Obj.") (Dkt. 16).) Defendants do not object to the R&R's recommendation that the court dismiss the state-law claims of plaintiffs Guerra, Koren, and Toth, nor do they object to the recommendation that the court dismiss Plaintiffs' punitive damages claims under the Lanham Act. (Id. at 1.) They also do not object to the R&R's recommendation that the court deny their motion to dismiss Plaintiffs' claims against Summit under the Lanham Act. (Id. at 1-2.) They

2

do, however, object to the R&R's recommendation that the court deny their motion to dismiss the timely Section 349 claims, as well as the R&R's recommendation that the court deny their motion to dismiss the Lanham Act claim based on personal liability against Tricolla. (Id. at 2.) Plaintiffs did not file an objection to the R&R, but they did respond to Defendants' objections. (See Pls. Resp. & Opp'n to Defs. Obj. ("Pls. Resp. & Opp'n") (Dkt. 19).) For the reasons discussed below, Defendants' objections are SUSTAINED IN PART and OVERRULED IN PART and Judge Tiscione's R&R is ADOPTED IN PART and REJECTED IN PART.

I. BACKGROUND

The court assumes familiarity with the facts of the case, and adopts the summary of the relevant factual allegations included in the R&R. (See R&R at 2-3.) In brief, Plaintiffs allege that Defendants appropriated Plaintiffs' likenesses by altering photographs of Plaintiffs and using them in social media advertisements for Defendants' strip club. (Am. Compl. ¶¶ 19-86.) Plaintiffs claim that they did not consent to and were not paid for the use of their images. (Id. ¶¶ 24-63.) Plaintiffs further claim that Defendants left some of these advertisements on their social media pages for months after Defendants were put on notice of the misappropriations by the filing of this lawsuit. (Id. ¶ 3.) Plaintiffs seek injunctive relief requiring Defendants to cease using Plaintiffs' images to promote the club, as well as compensatory damages, punitive damages, and costs and attorneys' fees. (Id. at 20.)

II. STANDARDS OF REVIEW

A. R&R Review

In reviewing an R&R from a magistrate judge regarding a dispositive motion, the district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." Romero v. Bestcare Inc., No. 15-CV-7397 (JS), 2017 WL 1180518,

3

at *2 (E.D.N.Y. Mar. 29, 2017) (internal citation omitted); see Impala v. U.S. Dep't of Justice, 670 F. App'x 32, 32 (2d Cir. 2016) (summary order) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision . . . ." (internal citation omitted)); Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) ("Where no objection to the [R&R] has been filed, the district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks and citation omitted)). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (quoting United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006)).

The district court must review de novo "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b)(3). To obtain this de novo review, an objecting party "must point out the specific portions of the [R&R] that they are objecting to." Sleepy's LLC v. Select Comfort Wholesale Corp., 222 F. Supp. 3d 169, 174 (E.D.N.Y. 2016); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R&R] only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (citations omitted); see also Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)").

**B. Motion to Dismiss**

The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of a plaintiff's claims for relief. Patane v. Clark, 508 F.3d 106, 112-13

(2d Cir. 2007). A complaint will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

In reviewing a complaint on a motion to dismiss for failure to state a claim, the court must accept as true all allegations of fact in the complaint and draw all reasonable inferences in favor of the plaintiff. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). "In determining the adequacy of the complaint, the court may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint." Subaru Distribs. Corp. v. Subaru of Am., Inc., 425 F.3d 119, 122 (2d Cir. 2005). "[W]hatever documents may properly be considered in connection with the Rule 12(b)(6) motion, the bottom-line principle is that once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007) (internal quotation marks and citation omitted).

## III. PLAINTIFFS' CLAIMS UNDER THE LANHAM ACT

The R&R recommended that the court deny Defendants' motion to dismiss Plaintiffs' claims for false endorsement under the Lanham Act for failure to state a claim. (R&R at 5-13.) Defendants admit that they do not agree with this part of the R&R, but they declined to challenge it at this stage in the proceedings. (Defs. Obj. at 1-2.) The court reviews this portion of the R&R for clear error. The court believes it was not clear error for the R&R to allow Plaintiffs' claims under the Lanham Act to proceed, and the court accordingly DENIES Defendants' motion to

dismiss these claims. The court separately addresses the question of Defendant Tricolla's individual liability under the Lanham Act below.

The R&R also recommended that the court strike Plaintiffs' prayer for punitive damages under the Lanham Act on the grounds that such a remedy is not available under this law. (R&R at 31-33.) Plaintiffs did not file an objection to this recommendation. The court reviews this portion of the R&R for clear error. The court believes this recommendation was not clear error, and the court accordingly STRIKES Plaintiffs' prayer for punitive damages under the Lanham Act.

## IV. PLAINTIFFS' CLAIMS UNDER NYGBL SECTION 349

### A. Summary

Defendants object to the R&R's recommendation that the court allow Plaintiffs' non-time-barred claims under Section 349 to proceed. (Defs. Obj. at 3 (citing R&R at 21-28).) Following de novo review, the court REJECTS this portion of the R&R and DISMISSES Plaintiffs' claims under Section 349.

As Judge Tiscione states, a plaintiff bringing a claim under Section 349 needs to allege: "(1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result." (R&R at 14 (quoting Spagnola v. Chubb Corp., 574 F.3d 64, 74 (2d Cir. 2009)).) A non-consumer plaintiff bringing a claim under Section 349 must allege that the defendant's actions "harmed consumers or the public interest in [a] material respect." See Stadt v. Fox News Network LLC, 719 F. Supp. 2d 312, 323 (S.D.N.Y. 2010) (Scheindlin, J.). Defendants argue that, pursuant to this rule, Plaintiffs' Section 349 claim must be dismissed because courts do not recognize "consumer confusion" as a cognizable injury under Section 349. (Defs. Obj. at 3.) The R&R rejects this so-called "majority rule," instead

stating that a non-consumer plaintiff bringing a trademark-infringement claim under Section 349 need not allege a specific and substantial injury to the public interest, thus espousing a more lenient requirement that would allow Plaintiffs' claims to proceed. (See R&R at 13, 21-28.)

While the court appreciates Judge Tiscione's exhaustive and illuminating look at the text, history, and theory of Section 349 (see id. at 16-21), the R&R goes too far in writing off the so-called "majority rule." The R&R departs from the majority of courts by stating that "consumer confusion . . . is a sufficiently consumer-directed harm under [Section 349]." (Id. at 13.) This conclusion is in error for two reasons: First, the R&R should not have ignored state-law precedent on Section 349 and wrongly attempted to divine how the New York Court of Appeals would rule on this matter. Second, even setting aside controlling state-law precedent on this question, the R&R gave too little weight to the large majority of federal courts that have interpreted Section 349 as requiring plaintiffs to allege more than consumer confusion.

### B. Harm Requirement

#### 1. The Majority Rule in State Court

The primary reason the court must reject the part of Judge Tiscione's R&R dealing with liability under Section 349 is that the R&R writes off controlling state-law precedent and inserts its own view of the law instead. The R&R would not have erred in doing so were the departments of the New York Supreme Court, Appellate Division, in conflict about the issue, or if the decision by the Appellate Division were not on point. But that is not the case here, so the R&R erred by not adhering to a clear statement of the law on this matter by the First Department.

In 1995, the First Department of the Appellate Division upheld the dismissal of a Section 349 claim of trademark infringement and unfair competition because the plaintiffs did not allege "a significant risk of harm to the public health or interest." DePinto v. Ashley Scott, Inc., 635 N.Y.S.2d 215, 217 (App. Div. 1995). DePinto has been cited by numerous federal and

7

state courts as standing for the proposition that routine Section 349 claims supported by allegations of consumer confusion "fall short of the standards for maintaining trademark actions under [NYGBL Section] 349." See RCA Trademark Mgmt. S.A.S. v. VOXX Int'l Corp., No. 14-CV-6294 (LTS), 2015 WL 5008762, at *4 n.5 (S.D.N.Y. Aug. 24, 2015).[1] The R&R, however, dismisses DePinto as not "persuasive" and resting on "flawed foundations." (R&R at 26-27.) Nowhere does the R&R say that the case is not on point; indeed, the R&R says that the statement of the law in DePinto is a decision that supports the "majority" position. (See id. at 26.) The court agrees with that reading of DePinto, and because there is nothing in state law to suggest otherwise on this point the court must follow this interpretation of Section 349: In order to bring a claim of deceptive business practices under Section 349, a plaintiff must allege harm by the defendants that poses a significant risk of harm to the public health or interest, and consumer confusion is insufficient to meet that requirement.

Even though the R&R is correct that the Court of Appeals has not ruled on the matter, it errs in its belief that this court does not have to follow what the Appellate Division says. (See id. at 16.) To support its decision to "predict how the New York Court of Appeals would rule," rather than follow the First Department's controlling thoughts on the matter, the R&R cites DiBella v. Hopkins, 403 F.3d 102 (2d Cir. 2005), in which the Second Circuit stated that, when interpreting questions of state law, it is bound only by "authoritative law from the state's highest court." (R&R at 16 (quoting DiBella, 403 F.3d at 111).) First, that statement of law pertains only to the Second Circuit, not the district court, a distinction made clear by DiBella's alternative suggestion that the court could "certify the question to the New York Court of Appeals for a

---

[1] See also, e.g., Heritage of Pride, Inc. v. Matinee NYC, Inc., No. 14-CV-4165 (CM), 2014 WL 12783866, at *6 n.1 (S.D.N.Y. June 20, 2014); Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories Ltd., No. 07-CV-6959 (DAB), 2009 WL 4857605, at *8 (S.D.N.Y. Dec. 14, 2009).

8.

definitive resolution," something this court cannot do. (Id. (quoting DiBella, 403 F.3d at 111)).) See N.Y. Comp. Codes R. & Regs. tit. 22, § 500.27(a) (stating that only the United States Supreme Court, any federal Court of Appeals, or "a court of last resort" may certify a question to the New York Court of Appeals). Second, the Second Circuit's opinion in DiBella did consider the views of the Appellate Division on the issue at hand, stating that "the Appellate Division's statements concerning [state law . . . are] persuasive evidence of the views of New York's intermediate appellate courts on the matter," and that courts cannot ignore decisions by the Appellate Division whether or not such decisions have "articulated a reasoned basis." DiBella, 403 F.3d at 113. Third, and most importantly, this court is "bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion." Deutsche Bank Nat'l Tr. Co. v. Morgan Stanley Mortg. Capital Holdings LLC, No. 14-CV-3020 (KBF), 2018 WL 357315, at *3 (S.D.N.Y. Jan. 10, 2018) (quoting V.S. v. Muhammad, 595 F.3d 426, 432 (2d Cir. 2010)).[2] A federal court may not choose to ignore substantive state law if there is no indication that state courts have abandoned their precedent on the matter. Accord Erie R.R. Co. v. Tompkins, 304 U.S. 64, 91 (1938).

The R&R tries to create ambiguity where none exists by pointing to North State Autobahn, Inc. v. Progressive Insurance Group Co., 953 N.Y.S.2d 96 (App. Div. 2012), in support of the claim that New York law does not support "a heightened standing requirement on

---

[2] See also, e.g., Norcutt v. Miller, 15-CV-221, 2016 WL 7429440, at *3 (N.D.N.Y. Dec. 23, 2016) (citing Hicks v. Feiock, 485 U.S. 624, 629-30 (1988)); Hasemann v. Gerber Prods. Co., No. 15-CV-2995 (MKB), 2016 WL 5477595, at *10 (E.D.N.Y. Sept. 28, 2016) (citing V.S., 595 F.3d at 432); Sanchez v. Burge, No. 04-CV-2622 (NRB), 2005 WL 659195, at *8 (S.D.N.Y. Mar. 22, 2005) (citing Mullaney v. Wilbur, 421 U.S. 684, 691 (1975)); cf. TMT Asia Ltd. v. Agrenco Madeira Comercio Internacional LDA, No. 08-CV-8176 (PKL), 2010 WL 1685962, at *2 (S.D.N.Y. Apr. 22 2010) ("[The district court] is not bound by an intermediate appellate state court's interpretation of state law that clearly is in conflict with a decision of the Second Circuit." (emphasis added)).

9

non-consumer actions." (R&R at 27-28 (citing N. State Autobahn, 953 N.Y.S.2d at 102).) In that case, the Second Department held that plaintiffs bringing a Section 349 claim did not have to identify specific consumers who suffered pecuniary harm as a result of the allegedly deceptive conduct" or "show specific quantifiable harm to the public at large." N. State Autobahn, 953 N.Y.S.2d at 103. But the court still said that a plaintiff in such an action must show "allegedly deceptive conduct" that had "a broad impact on consumers." Id. North State Autobahn is thus in accord with the majority view in that it requires a plaintiff to plead harm to consumers, something which the plaintiffs in that case could do with specificity because it was their customers who were being misled into abandoning the plaintiffs' businesses. See id. North State Autobahn does not suggest that consumer confusion is sufficient to make such a showing, nor does it come close to standing for the proposition that a claim under Section 349 does not have to allege harm to the public interest. See JP Morgan Chase Bank, N.A. v. Hall, 996 N.Y.S.2d 309, 315 (App. Div. 2014) (citing North State Autobahn but rejecting a Section 349 claim because the plaintiff's "factual allegations [did] not amount to conduct that has an impact on the public at large").

The court is thus bound by DePinto's interpretation if Section 349 unless the Court of Appeals or Second Circuit declare otherwise. Because neither court has upset DePinto's requirement of harm beyond consumer confusion as being necessary for a Section 349 claim, this court must adhere to the majority rule.

2.  The Majority Rule in Federal Court

Even if the First Department's decision in DePinto did not definitively resolve the question of whether a plaintiff must allege harms beyond consumer confusion to state a claim under Section 349, and the court were thus required to predict how the New York Court of

10

Appeals would rule on this matter, there is no reason to believe that the Court of Appeals would forego the majority rule. See, e.g, Katt v. City of New York, 151 F. Supp. 2d 313, 331 (S.D.N.Y. 2001) (Lynch, J.) ("[F]ederal courts construing state and local statutes as a matter of first impression must carefully review governing principles of state law and make their own independent prediction of how the state's highest court would resolve the particular issue before it."). The court's conclusion on this point is based on the large majority of federal courts that have endorsed the majority rule, as well as the fact that the courts that have supposedly endorsed the minority rule have done so in ways not applicable to the instant case.

For nearly three decades, the overwhelming majority of—if not all—federal courts to address the question at issue in this case have recognized that "the injury to consumers or the public interest [in a Section 349 case] must be more than the general variety of consumer confusion that is the gravamen of such a claim." See, e.g., Ivy Mar Co. v. C.R. Seasons Ltd., No. 95-CV-508 (FB), 1998 WL 704112, at *7 (E.D.N.Y. Oct. 7, 1998) (internal quotation marks omitted). (See also Defs. Obj. at 3-5 (collecting cases).) Plaintiffs do not deny the existence of this long line of precedent. Instead, Plaintiffs say that these past interpretations of Section 349 are "immaterial" because Plaintiffs have "not asserted an 'ordinary trademark dispute' but rather have alleged false endorsement." (Pls. Br. at 12.) This is beside the point.[3] Regardless of on what basis a Section 349 claim is brought, "the gravamen of the complaint must be consumer

---

[3] Plaintiffs claim that their view of Section 349 is supported by a recent case in which a court in this circuit found that "there is more to [a case of misappropriation of models' images by a strip club] than trademark infringement." (See Pls. Resp. & Opp'n at 3 (quoting Voronina v. Scores Holding Co., No. 16-CV-2477 (LAK), 2017 WL 74731, at *4 (S.D.N.Y. Jan. 5, 2017)).) The court does not disagree—but that is immaterial, since the "more than consumer confusion" requirement does not only apply to cases sounding in trademark. See, e.g., Stadt, 719 F. Supp. 2d at 323-24. (See also R&R at 16 n.8 ("Plaintiffs attempt to evade [the question of whether mere confusion is sufficient under Section 349 to grant a non-consumer a viable cause of action] by arguing that they have not brought an ordinary trademark dispute but rather a claim for false endorsement. Even if that were a legally meaningful distinction, the simple fact is that the only consumer-oriented harm they allege is consumer confusion." (internal citations omitted)).)

injury or harm to the public interest." Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories Ltd., No. 07-CV-6959 (DAB), 2009 WL 4857605, at *7 (S.D.N.Y. Dec. 14, 2009) (quoting City of New York v. Cyco.Net, Inc., 383 F. Supp. 2d 526, 563 (S.D.N.Y. 2005)); cf. 5 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 27:116 (5th ed. 2017) ("An allegation of a routine case of trademark infringement or false representations concerning commercial matters does not state a claim under [NYGBL] § 349 . . . ." (internal citations omitted)).[4] For example, in Stadt, Judge Scheindlin dismissed a claim under Section 349 by a plaintiff who alleged that Fox News Network had used a video that he provided to them pursuant to a licensing agreement after the agreement had expired, and that Fox News Network continued to show the video with a "Fox Business Exclusive" credit. 719 F. Supp. 2d at 315-16. While the plaintiff's overall suit was based on the defendant's alleged copyright infringement, his claim under Section 349 alleged that "Fox fraudulently and falsely represented to and [misled] the public and others that the Video was a 'Fox Business Exclusive.'" Id. at 324. Judge Scheindlin found that the allegation that consumers were harmed by Fox's "misleading" behavior, which she classified as an "allegation[] of consumer confusion," was not enough to support the plaintiff's Section 349 claim. Id. The case is the same here: No matter how Plaintiffs portray

---

[4] The R&R takes issue with the fact that this conclusion is based on part on Richard Givens's official practice commentary on Section 349 (the "Commentary"). (R&R at 22-24.) See, e.g., Jaret Int'l, Inc. v. Promotion in Motion, Inc., 826 F. Supp. 69, 78 (E.D.N.Y. 1993) ("Most federal trademark and trade dress infringement claims are deemed to 'fall outside the original intent of §§ 349 and 350.'" (quoting Richard A. Givens, Practice Commentary, NYGBL § 349 (McKinney 1988))). It bears noting, as Defendants point out, that the New York Court of Appeals' continued approval of the Commentary means that "the [C]ommentary should be viewed as a persuasive authority when considering how the Court of Appeals would interpret Section 349." (Defs. Obj. at 9 (collecting cases).) Citing the line in the Commentary that it would be "contrary to the history of the statutes" to allow pendent federal jurisdiction over Section 349 claims where Lanham Act claims are already present, the R&R says that the Commentary is wrong to suggest that trademark disputes should not be allowed to arise under Section 349. (R&R at 22 (quoting Givens, Practice Commentary).) But that is not what the commentary suggests, and besides, many courts have allowed trademark disputes brought under Section 349 to proceed. Cf. Eric E. Bensen, New York Intellectual Property Law § 3[2], at 415 & n.31 (2018 ed. 2017) (collecting cases). In any case, the R&R's issues with the Commentary are not enough to upset the common understanding of Section 349.

their Section 349 claim, whether based on trademark infringement or "false endorsement," in order to survive a motion to dismiss they need to allege harm to consumers beyond mere confusion.

The R&R cites to a number of cases in support of its view that the Court of Appeals would adopt the minority view, but in addition to the numerical disadvantage at which these cases find themselves, the court is not convinced that these cases actually endorse the view that plaintiffs can bring a claim under Section 349 based on nothing more than consumer confusion. For example, in Casper Sleep, Inc. v. Mitcham, 204 F. Supp. 3d 632 (S.D.N.Y. 2016) (Rakoff, J.), recons. denied, 2016 WL 7188788 (S.D.N.Y. Nov. 17, 2016), Judge Rakoff ascribed to Section 349 a broader scope than most district court decisions, while still acknowledging that a Section 349 plaintiff must "plausibly plead that the challenged 'acts or practices have a broader impact on consumers at large.'" Id. at 642 (quoting Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 647 N.E.2d 741, 744 (N.Y. 1995)). Casper Sleep does, however, cite approvingly to a Second Circuit case which says that "the gravamen of [a Section 349] complaint must be consumer injury or harm to the public interest." See id. (citing Securitron Magnalock Corp. v. Schnabolk, 65 F.3d 256, 264 (2d Cir. 1995)). Additionally, Judge Rakoff recently "endorsed the majority rule in dicta" (Defs. Obj. at 8) by saying that a practice actionable under Section 349 "must threaten an injury to the public interest over and above ordinary trademark infringement or dilution." Can't Live Without It, LLC v. ETS Express, Inc., No. 17-CV-3506 (JSR), 2018 WL 401778, at *8 (S.D.N.Y. Jan. 15, 2018) (internal quotation marks omitted). Judge Rakoff's statement in Casper Sleep that Section 349 claims need not "implicate the public health or safety," 204 F. Supp. 3d at 643 (emphasis added), thus hardly shows that "New York law . . . strongly favors the minority view." (R&R at 27 (citing Casper

Sleep, 204 F. Supp. 3d at 643-44).) The R&R also briefly points to Burberry Ltd. v. Euro Moda, Inc., No. 08-CV-5781 (CM), 2009 WL 1675080 (S.D.N.Y. June 10, 2009), in which the district court stated that the defendant "placed into the stream of commerce goods likely to confuse consumers as to their true source of origin," and found that injury sufficient under Section 349. Id. at *16. But cases in which a defendant uses a trademark to "cause consumers confusion as to the origin or sponsorship of the defendant's goods" are treated differently from other trademark cases under the Lanham Act, see Virgin Enters. Ltd. v. Nawab, 335 F.3d 141, 146 (2d Cir. 2003), and it makes sense that the question of the sufficiency of the harm in these case might also be treated differently under Section 349. It bears further note that (1) Burberry stands alone in finding confusion as to the origin of a product actionable under Section 349, cf. Gross v. Bare Escentuals Beauty, Inc., 632 F. Supp. 2d 293, 299 (S.D.N.Y. 2008) ("Consumer confusion as to the source of the product does not create a cause of action under [Section 349]."); (2) Judge McMahon, the author of Burberry, has separately stated that Section 349 claims based on "a general likelihood of consumer confusion sounding entirely in trademark" have "absolutely no possibility of succeeding," Heritage of Pride, Inc. v. Matinee NYC, Inc., No. 14-CV-4165 (CM), 2014 WL 12783866, at *6 n.1 (S.D.N.Y. June 20, 2014); and (3) Burberry "involved counterfeiting, which is distinct from, and arguably more harmful than, garden-variety trademark infringement," LVL XIII Brands, Inc. v. Louis Vuitton Malletier S.A., 209 F. Supp. 3d 612, 678 n.111 (S.D.N.Y. 2016). The court is thus unconvinced that either Casper Sleep or Burberry upended settled New York law in favor of the minority view.

Edmondson v. RCI Hospitality Holdings, Inc., No. 16-CV-2242 (VEC) (S.D.N.Y. filed Mar. 26, 2016), to which Plaintiffs also point, does not call the court's understanding of the law into question. (Pls. Resp. & Opp'n at 2-7.) Plaintiffs appear to be reading Judge Caproni's

14

statement from the bench that the plaintiffs' success in that case "depends on whether plaintiffs can prove that the misrepresentations were actually materially misleading and that plaintiffs were actually injured" as obviating the requirement of showing harm to the public interest beyond consumer confusion. (See id. at 3-4 (quoting Transcript of Oral Argument at 34, Edmondson, No. 16-CV-2242 (VEC) (S.D.N.Y. Mar. 17, 2017)).) The court is unconvinced that Judge Caproni's statement was intended to categorically restrict the harm requirement to cases alleging actual trademark infringement. But even if it was, the court simply disagrees with that reading of the law, as stated throughout this opinion: In cases brought under Section 349, plaintiffs must allege harm to the public interest beyond consumer confusion.[5] One district court opinion does not suffice to overrule a long-standing and persuasive body of law establishing that, in order for Plaintiffs to succeed on their claim, they must allege harm to the public beyond mere confusion. Since they do not, the court must dismiss their claim.

All told, neither the R&R nor Plaintiffs' briefing contains persuasive evidence that that the Court of Appeals would choose to upset the majority rule were it to rule on the matter. Instead, the court today predicts that the Court of Appeals would continue to follow the common understanding of Section 349 and find that consumer confusion is not a harm to the public interest sufficient to support a claim under this law.

### C. Plaintiffs' Allegations of Harm

Plaintiffs bring claims under Section 349 on the grounds that "a reasonable consumer would be misle[d] concerning each Plaintiff's employment as a stripper at Gentlemen's Quarters, and that, in misappropriating Plaintiffs' Images, this was Defendants' aim." (Pls. Br. at 12.; see

---

[5] The broad sweep of this conclusion is due in part to the fact that courts do not distinguish among causes of action stating claims under Section 349. See supra note 3.

Am. Compl. ¶¶ 96-103.) "[T]he only consumer-oriented harm [Plaintiffs] allege is consumer confusion." (R&R at 16 n.8.)

Applying New York law as stated above, Plaintiffs' allegations are plainly insufficient to support a claim under Section 349. Plaintiffs allege that the publication of their images "was misleading in a material respect because it created the impression that Plaintiffs were strippers working at the Clubs, or endorsed the Clubs." (Am. Compl. ¶ 101.) This allegation, they claim, meets the requirement that a disputed practice have a "broader impact on consumers at large," giving them a cause of action under Section 349. (Defs. Obj. at 12 (citing Gaidon v. Guardian Life Ins. Co. of Am., 725 N.E.2d 598, 603 (N.Y. 1999)).) But Plaintiffs point to no consumers who have been injured by the alleged misrepresentation, and to no material harm that came about as a result thereof. This is fatal to their Section 349 claim. Cf. Stadt, 719 F. Supp. 2d at 323-24 (dismissing a Section 349 claim when the plaintiff did not allege harm to the public beyond consumer confusion); Philip Morris USA Inc. v. Felizardo, No. 03-CV-5891 (HB), 2004 WL 1375277, at *6 (S.D.N.Y. June 18, 2004) (requiring the showing of "actual consumer harm," rather than "injury, for example, to goodwill"); GTFM, Inc. v. Solid Clothing, Inc., 215 F. Supp. 2d 273, 302 (S.D.N.Y. 2002) (allowing a Section 349 claim based on "actual confusion" caused by misleading use of a trademark, but where the plaintiff had produced evidence of actual confusion in support of its Lanham Act claim).

Incidentally, the court can find no case in which a claim of false endorsement has been allowed to proceed under Section 349. Instead, such claims are proper under § 43(a) of the Lanham Act. See, e.g., Pfizer Inc. v. Sachs, 652 F. Supp. 2d 512, 520, 526 (S.D.N.Y. 2009) (dealing with false endorsement claim under § 43(a) of the Lanham Act, and unrelated deceptive acts and practices claims under NYGBL Section 349); see also Naked Cowboy v. CBS, 844 F.

Supp. 2d 510, 516 n.1 (S.D.N.Y. 2012) (construing a claim of "false endorsement" as a claim of unfair competition under § 43(a) of the Lanham Act). In this case, Plaintiffs have also raised the issue of false endorsement under the Lanham Act and Judge Tiscione properly denied Defendants' motion to dismiss that claim. (See R&R at 5-6.) The Lanham Act, rather than Section 349, is the proper avenue for resolution of Plaintiffs' allegations of false endorsement.

In sum, Plaintiffs have failed to allege a consumer-oriented harm greater than consumer confusion, a harm which is insufficient to support a claim under Section 349. Accordingly, Defendants' motion to dismiss Plaintiffs' claims brought under Section 349 is granted. The court recognizes as moot the R&R's recommendations that the court deny Defendants' motion to dismiss Plaintiffs' Section 349 claims against Defendant Tricollo in his individual capacity and that the court deny Defendants' motion to strike Plaintiffs' punitive damages request under Section 349. (See R&R at 33.)

V. **INDIVIDUAL LIABILITY**

Defendants additionally object to the R&R's recommendation that the court allow Plaintiffs' Lanham Act claims to proceed against Defendant Tricolla in his individual capacity. (Defs. Obj. at 13 (citing R&R at 30-31).) Following de novo review, the court DENIES Defendants' motion to dismiss the Lanham Act claim against Defendant Tricolla in his individual capacity.

Under the Lanham Act, "personal liability for trademark infringement and unfair competition is established if the officer is a moving, active conscious force behind [the defendant corporation's] infringement." Johnson & Johnson Consumer Cos. v. Aini, 540 F. Supp. 2d 374, 393 (E.D.N.Y. 2008) (quoting Bambu Sales, Inc. v. Sultana Crackers, Inc., 683 F. Supp. 899, 913 (E.D.N.Y. 1988)). "A corporate officer is considered a 'moving, active, conscious force'

behind a company's infringement when the officer 'was either the sole shareholder and employee, and therefore must have approved of the infringing act, or a direct participant in the infringing activity.'" Innovation Ventures, LLC v. Ultimate One Distrib. Corp., 176 F. Supp. 3d 137, 155 (E.D.N.Y. 2016) (quoting Chloe v. Queen Bee of Beverly Hills, LLC, No. 06-CV-3140 (RJH), 2011 WL 3678802, at *4 (S.D.N.Y. Aug. 19, 2011)).

In the Amended Complaint, Plaintiffs identify Tricolla as the principal of Summit and allege that he "maintains operational control over Gentlemen's Quarters, including all advertising relating thereto." (Am. Compl. ¶ 18.) Defendants claim that this pleading is insufficient. They state that Plaintiffs need "some factual basis" for the claim that Tricolla maintains operational control over the club, and that Plaintiffs "fall woefully short of setting forth a plausible allegation that Tricolla was a moving, active, and conscious force behind any alleged violation." (Defs. Obj. at 13.) Defendants contend that, without "t[ying] Tricolla to the wrongful acts allegedly committed by GQ," Plaintiffs cannot state a claim on which relief can be granted. (Id. at 14.)

While Plaintiffs do not allege specific actions that Tricolla took in furtherance of the claimed illegal activity, Plaintiffs do create a plausible inference that he controlled the corporation's advertising and thus had a role in creating and disseminating Plaintiffs' images, something which rests at the heart of this action. (See Am. Compl. ¶ 18.) Even if Defendants are correct that Plaintiffs' pleadings are not as extensive as those in International Diamond Importers, Inc. v. Oriental Gemco (N.Y.), Inc., 64 F. Supp. 3d 494 (S.D.N.Y. 2014), that case did not set a floor for Lanham Act pleadings. (See Defs. Obj. at 13-14 (citing Int'l Diamond, 64 F. Supp. 3d at 525-26).) Accepting as true the Amended Complaint's allegations that Tricolla maintains operational control over the club and that he participated in the wrongful conduct

18

complained of, Plaintiffs' case should be allowed to proceed against him in his individual capacity. See Microsoft Corp. v. Computer Care Ctr., Inc., No. 06-CV-1429 (SLT), 2008 WL 4179653, at *7. The allegations that Tricolla controlled Summit and participated in the alleged infringement are sufficient to survive the motion to dismiss. See JMC Rest. Holdings, LLC v. Pevida, No. 14-CV-6157 (WFK), 2015 WL 9450597, at *4 (E.D.N.Y. Dec. 22, 2015); KatiRoll Co. v. Kati Junction, Inc., 33 F. Supp. 3d 359, 370 (S.D.N.Y. 2014).

## VI. CONCLUSION

For the reasons set forth above, the court ADOPTS IN PART and REJECTS IN PART the R&R (Dkt. 15). Defendants' motion to dismiss (Dkt. 13) is GRANTED IN PART and DENIED IN PART. Plaintiffs' claims under NYGBL Section 349 are DISMISSED WITHOUT PREJUDICE. Defendants' motion to dismiss Plaintiffs' claims under § 43(a) of the Lanham Act is DENIED. Plaintiffs' request for punitive damages under the Lanham Act is STRICKEN.

SO ORDERED.

Dated: Brooklyn, New York
March 5, 2018

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge